Dear Senator Romero:
You have requested an opinion of the Attorney General regarding the legal authority for a hospital service district to provide its commissioners with health and life insurance.
In answer to your question, I refer you to R.S. 46:1064 and 1068.1 and 33:5151. R.S. 46:1064 provides, in pertinent part, the following:
 "A. The hospital service districts as defined in R.S. 46:1072 are hereby declared to be political subdivisions of the state."
R.S. 33:5151 provides as follows:
 "A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectfully.
 B. Nothing in this Section or R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision towards the payment of premiums for accident and health protection for its employees or their dependents, or both." (Emphasis added.)
R.S. 46:1068.1 provides, in pertinent part, the following:
 "A. Notwithstanding the provisions of R.S. 33:5151 and R.S. 42:851, a hospital service district may pay, on behalf of its directors, officers, and employees, the full cost of coverage, whether through a self-funded plan, a contract with an insurer, or otherwise, for life, health, and accident insurance."
As can be seen from the above, hospital service districts are political subdivisions of the state. This office has previously held in Opinion No. 93-290 that a commissioner of a levee district is considered an "official" of a "political subdivision" for insurance coverage purposes under R.S. 33:5151. We see no reason to distinguish commissioners of a hospital service district from commissioners of a levee district. This same rationale applies to an interpretation of R.S. 46:1068.1. Thus, members of the board of commissioners of a hospital service district constitute "directors" and/or "officers" of the district so as to be entitled to the full cost of coverage for life, health, and accident insurance.
While R.S. 46:1053 places a limitation on the amount of per diem that a hospital service district commissioner may receive, we do not view this provision as a prohibition against the contribution by the district toward the payment of related benefits on behalf of the commissioners. In accord, Attorney General Opinion Nos. 83-282, 83-983, and 90-106.
Therefore, it is the opinion of this office, that a hospital service district may pay the full cost, or a portion thereof, of coverage on behalf of the members of its board of commissioners for life, health, and accident insurance.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb 0361R cc: Mr. Grover T. Austin Asst. Legislative Auditor